Case number 090612, Ursula Zolotelsky v. Vyada Jelenski Good morning, my name is Leon Zolotelsky and I represent Vyada Jelenski. I better spell their last names. Z-E-L-E-C-H-O-W-S-K-I And you represent? Vyada Jelenski. Very well. And you, sir? I'm Robert Tkachek. My name is spelled, first of all, D-L-U-G-A-J-C-C-Y-K-N-Y. My name is Ursula Zolotelsky. L-U-G-A-J-C-O-W-S-K-I. You'll both have no objection if we refer to you as counsel. Not at all. I'm sorry. You're the appellee. You are the appellant. You go first. 15 minutes and you can save out from your 15 any portion you wish for a response. Counsel, you may proceed. Thank you. Again, my name is Leon Zolotelsky and I represent the defendant, the appellant, and the smuggler. This appeal is from a judgment entered by the trial court after a bench trial. What is important here is to kind of keep in mind the timeline in this case. The events in question took place in 2002. The case was filed in 2004. And the case went to trial in four years. The last pleading was in 2008. Correct. That's the amended pleading to conform to the evidence. Correct. It was 2008 after the trial was complete, after all the evidence was completed. After the plaintiff rested. After the plaintiff rested. This was a bench trial and it was a two-day trial. So the complaint that was filed, it was a complaint for accounting. And it was against my client individually. Well, there were several accounts, weren't there? I mean, were all the accounts, how many of the accounts were viable at the time of trial? You had accounts for conversion, accounts for breach of fiduciary relationships. None. Were they all dismissed before? The case went to trial on almost 11 counts. Well, that's what I'm asking. Yes. Yes. So all of the accounts were alive at the time you went to trial. Correct. Now, let me interpose the question as far as I'm concerned. Would the facts necessary to establish a claim of unjust enrichment have had to be proven with regard to any or all of those accounts that were deleted and were still viable? No. I submit no. The reason for that is — Was there any evidence that would be necessary to establish a cause for unjust enrichment which would not be encountered defensively with respect to the other accounts? I submit not, because the legal theory that the case went forward to is — Well, forget about the theory. All right. That's law school. Now we're talking about the facts that had to be established regardless of the theory of the action itself. In other words, for the fiduciary relationship account, for the breach of contract account, for the conversion account, is that with respect to any of these accounts, wouldn't the facts essential to that which would constitute the elements, which would satisfy the elements of unjust enrichment, have had to be encountered and defended against? There was one common fact that kind of — that would, admittedly, provide a common — Well, wouldn't you have to — wouldn't the plaintiff in the underlying action with regard to any of the accounts have had to establish, one, the delivery of the money, the $75,000, two, that it was not returned, three, that the purpose for which it was delivered was not fulfilled, four, that those monies remained in the possession of the defendant? Wouldn't that be essential to establish any of the accounts, or at least one of the accounts, which were still viable at the time this case was tried? Certainly, I would agree that the delivery of the check was a critical component of that, and there's — Well, you know, I'll tell you what I'm getting at. I'm sure you already know, but this is the 800-pound gorilla here that we have to determine, which is ultimately the prejudice that may have resulted from allowing the amendment after trial, once we got past the hurdle of establishing the application of Rule 616 to permit the relation back. And with regard to both of those areas, my question is relevant. Yes. Now, so you have to talk about all of the facts essential to establish a claim for unjust enrichment. Don't tell us about one. If you're going to tell us about any specific fact, tell us what would not have to be established in connection with those accounts that would nevertheless require proof with regard to unjust enrichment. The element that was missing is, I would say, was the evidence concerning the purpose of the delivery of the money. Because the money — Wasn't that the issue that was litigated, where the defense was that the money was to be used to treat the medical condition of a friend, and the claim of the plaintiff was that it was to be used for an investment in property? The affirmative defense that the brief refers to is basically — It was a throwaway from my standpoint, because the case went to trial on the notion that there was a fiduciary duty and the money was delivered to my client for a specific purpose of investing in a real estate joint venture. And wouldn't you have to defend on the basic fact concerning the delivery and purpose of the delivery with the issue of whether it was fiducial or not as an overlay on the fiduciary account, but not necessarily on the contract account or the conversion account? Well, let me deal with this scenario. Suppose that the joint venture did proceed full, and the money was invested by the defendant, and the money was lost by the defendant as part of the joint venture endeavor. If that hadn't been the case, would there be a claim for unjust enrichment? Would there be a claim for breach of contract? Would there be a claim for breach of a fiduciary relationship? Would there be a claim for conversion? It could have been. Well, then talk to me about that. It could have been, because remember, unjust enrichment is an implied contract. The case went forward on the theory that there is a contract. And you have a question involving the applicability of unjust enrichment in the face of an express agreement, which I think you raised in your reply brief. I'm not sure that you raised it in your opening brief. But in any event, we have a couple of cases that help us out on that, including Judge Rakowski's case where he says that you cannot use unjust enrichment to cure a bad contract. But you can use unjust enrichment in the event that the court decides there was no contract or was no enforceable contract. And we don't know the answer to that, do we? Because we don't have a record. Well, in those situations, the unjust enrichment is pleading an alternative. Here, there was no pleading of an alternative. The case went with package a certain way. We had discovery. We had motion practice directed to the validity of the Third Amendment complaint, the aiding and abetting claims, which were pled with very broadly. And the case went to trial in that posture. And the evidence that was put in at the beginning of the trial. But, you know, when you're talking about evidence, how could you talk about evidence when you don't provide us with a report of the proceedings? I agree. And that's why I'm not contesting the court's finding. I mean, but if you're arguing evidence, there's no evidence before us. I'm not suggesting that the evidence – I'm not challenging the trial court's order on the basis of evidence because, admittedly, we don't have a transcript. But you could have, even in the absence of a transcript at the end of the trial, when the judgment was entered against you, you could have prepared and asked the court to sign off on a bystander's report. Yes, we – Which would have been considerable aid to the court. You stayed in your yellow brief in response to this issue about the lack of a record before us. In fact, the defendant's appeal only argues, solely on legal grounds, that the trial court's judgment must be overturned because plaintiffs should not have been allowed, after presenting her case in chief, to amend her pleadings to assert a claim for unjust enrichment, or put another way, to amend her pleadings to conform to the proof. Correct. And because I'm – How can we ever make a ruling with respect to that when we have no evidentiary material before us  Because I'm not – because if you – I'm conceding, for purposes of this appeal, that if you can acknowledge or consider that the trial court could have given an unjust enrichment amendment after the evidence was in, then – In all fairness to you, you're not contending that the unjust – that the evidence in support of unjust enrichment was not proven. Correct. That is not your contention. We don't need the record to match up the evidence to see if it supports unjust enrichment. Right. What you're – what you're claiming is that it prejudices you to have that admitted after there were already three amendments or four amendments to the pleading, and at the very last minute, we did not have an opportunity to defend against it. That's what I'm asking you, whether you had an opportunity and a motive to defend those facts in connection with the other counts. And the answer that I'm getting from you so far is yes, but let's see if we can find a way of saying no. I had an opportunity, but I had no motive because there was no motive to defend on the claim that yet to be filed. Because if the claim is going forward on the notion that there is a claim for beatrification – Well, you know, maybe Shakespeare does have an application to this issue. What's in a name arose by any other name smells the same. If these facts were necessary components of other counts with which you did battle, the fact that the judge at the end of trial allows you to label the theory of action, where in some jurisdictions you don't have to label any action. Anyway, I think even in Illinois, it's a fact-pleading jurisdiction. You don't have to designate the form of action. That is true. But on the other hand, the pleading provides a blueprint on which the case goes to trial. So, I mean, as a lawyer, you're preparing to go to trial on the basis of the pleading. Well, that's always the problem under 616, which allows you to amend pleadings to conform to evidence. The fact of the matter is if it's proven at trial and somehow it was mislabeled or what have you or wasn't fully designated, you can do that at the end of trial. If you allow, that's where you allow variances, where you allow, where one party allows another party to deviate from its pleadings. But in this particular case, there was no deviation. The exact same evidence could be packaged under different labels. Again, I respectfully disagree because what the case went, the whole purpose of the trial was to determine if there was a fiduciary duty, if there was a joint venture. Excuse me for interrupting you. But you set out the applicable standard of appellate review. And you agree. Okay. And you point out that whether or not there should be, the allowance of a filing of unended pleading is whether the trial court abused its discretion. Okay. Then in your yellow brief, in response to the argument raised by your opponent, you say, and I repeat the sentence you put in here, in fact, the defendant's appeal only argues solely on legal grounds that the trial court's judgment must be overturned. Because I'm Now, that looks to me like not an abuse of discretion standard that you're asking us to interpose. But you've already admitted in your opening brief that we're faced with an abuse of the discretion standard, which I would submit to you as accurately stated in your white brief. That is the standard of review for the issue as you have framed the issue. And now, final point. And I don't want to put a silver stake through your heart, but I think you're living, you have an abuse of discretion standard and no trial transcript. Or an abuse of discretion standard and no bystanders report. What do we hang our head on to find that he abused his discretion? You can look at the pleadings, because the pleadings are all correct. You have the third amendment complaint, which lays out in great detail what the issues were. Okay. All right. But in Compton, Judge Justice Hall did say that the Loyola standards do not necessarily apply to those amendments that are made post-trial to conform to pleadings. That is true. But still, you raise the question of prejudice. Well, that still remains, although it floats out there. Nobody puts a finger on it, but it's there. And the question is, when somebody amends the pleadings after conformity trial and leaves you basically using the vernacular, sucking with your thumb in your mouth with no place to go, that is something certainly that should be addressed in determining whether there's an abuse of discretion. That's correct. So that's why I asked you whether you had the opportunity to confront these facts in regard to defending against the other claims. And the answer that I get so far with all due deference counsel is yes. I had. Only not with the same heat or necessarily the same energy or the same commitment, but you had them. These were load-bearing facts necessary to establish the viable counts that you tried the case for. Justice Gordon, I admit that the critical issue in this case was the delivery of the check. And that was never contested in this case because the check is a written document and is attached to a pleading or placed before the witness. We admit it. But the question is to what uses that was going to be put. That is really driving or drove this case. This is an $80,000 judgment. Yes. And no court reporting? I'm sorry? And no court reporting? No. And no bystanders reporting? No. I think we understand your position. We need to hear from your opponent. Thank you. May it please the Court, Robert Degajcic for Ursula B. Wendowski once again. Members of the Court, you have hammered on and exposed and brought out of the corner the 800-pound gorilla. I was going to use that term, Justice Gordon. I'm glad you did because that is the big one. It's big enough for both of us. Yes. Yes, it is. As a matter of fact, I was going to refer to it as a 300-pound gorilla, but it is big enough for both of us because that is ultimately the issue in this case. Whether or not there was the opportunity and motive to defend the operative facts necessary to establish an unjust enrichment period. Well, I don't think you ought to spend any time telling us whether the statute of limitations, whether the relation back under 616 is on solid footing. You're assuming that we agree that it is. You may be right. Well, I'm going to acknowledge, number one, that a five-year statute of limitation applies. Number two, at the time of the technical filing of the amended complaint, amended count 8, more than five years had expired since the cause of action approved. But I will state that this is a clear case where the relation back doctrine applies so as to presume I don't think it's a clear case at all. You know what this case reminds me of? The train goes in. The train is coming down the track. Okay? It goes into a tunnel. It emerges the other side and the judge says there will be a finding for the plaintiff on the unjust enrichment count and the amount of $80,000. We haven't got a clue as to how he got there because all of the decisions that went into the trial court's final ruling occurred in the tunnel. Wouldn't you agree? Well, the question is does it satisfy the Porter standards as laid down by our Supreme Court to show that it arises out of the same facts without any undue lapse of time? You switched the burden of proof. No, I didn't. It's not his burden. I understand. But that's the issue. But you've got him in a position now where he's going to try to explain to you what the facts are that establish that it's proper to invoke relation back. I raise the failure to produce the trial record as it relates to the arguments raised by the appellant in my brief. Yeah. And I agree that were the court, number one, I believe firmly that if the court would have been provided with a report of proceedings and a transcript of the trial report it would have been in your favor. That's correct. Well, you have to argue that because that's what the trial judge concluded. My only point is that I'm not even sure under the basis of this record you have to do anything. It would seem even without, even if the matter was not lacking sufficient support in the record and thus subject to the Fooch case of all presumptions going in your favor, the fact, once we assume that the facts necessary to establish the unjust enrichment were proven in the earlier trial, it almost automatically conforms to the Porter standards. In other words, you stand up and you say the trial judge did not abuse his discretion and I defy my opponent to prove otherwise. And then you sit down. Well, if that's all it's going to require, then that's the position I'm going to advance. I'm prepared to answer any questions that the court has. But I do want to highlight a couple of points. Sure. Go ahead. It is interesting to note that with respect to this question of opportunity and motive, counsel in today's argument and in his briefing seems disinclined to want to address squarely how it is that as of October 2007 he was aware of sufficient facts with respect to the multiple counts that were asserted and viable at that time that he needed to assert an affirmative defense relating not to whether or not the money was received, but to the core issue of what did she do with it after having received it. And, therefore, the question is why is there no reference made to it, even after I highlighted that in my brief in the reply. And the answer to that question is because that is the core problem they have. They knew what they needed to prove. There are multiple allegations in all three pleadings filed prior to that which was pending at the time of trial, all of which in connection with the accounting theory advanced in every pleading, the breach of fiduciary duty theory advanced in every pleading, allegations made with respect to Jelensky having done things with respect to the money to promote her pecuniary financial interest to the detriment of my client. But that can fly back in your face, too, with the Mendelsohn case that the appellant cites, where the court should take into account the number of opportunities that you've had to amend. You say it goes back to 2007. Well, the question is why didn't you include unjust enrichment in your amended pleadings at that time? Why did you wait and have the judge do it for you? And isn't that a basis for a denial of leave to amend, no matter how substantively meritorious your case is? That would presume, and the court did note that with respect to its 2616C type of amendment, that the Loyola standards aren't necessarily conclusively applicable. Assuming that they were. And the court is asking me why I allowed the pleadings to remain in the status that they were leading up to trial. It's not a matter of why you did it, but why would the court allow amendments that could have been made earlier and perhaps, depending on how you look at it, should have been made. I don't try to find out what's going on in your minds. I always assume that when the lawyers do or don't do something, there's a strategic reason for it. And sometimes I'm piqued to uncover it. Sometimes I'm satisfied to leave it alone. I would venture to say that the reason the court allowed amendment under the circumstances that he did is he realized, first and foremost, as the court has indicated, that there was every opportunity and a motive to defend. I know, I have my suspicions as to why you didn't amend the pleadings. Because you were very well aware of Padrona, which would have stifled either the unjust enrichment action or the contract action, since they both can't coexist. That's right. Had I pled them, there would have been a motion to dismiss claiming you cannot maintain both actions. Rather than confuse the case, I felt that adequate allegations with respect to the core facts were set forth in every pleading. The affirmative defense asserted indicated clearly to the trial court that Mr. Zalikowski and his client knew that explanation as to how the monies were disposed were a core issue, that they would have an obligation once having pleaded as an affirmative matter to prove it. And then amendment was called for. As a matter of efficacy, once the court made the rulings that it did after concluding the trial and concluding that the evidence that had been presented in connection with the up until then viable theories would also sustain an unjust enrichment theory, although he had determined the absence of a fiduciary duty would impact upon the viability of those other theories that had no impact whatsoever on either Mr. Zalikowski's opportunity to defend against the up until then viable accounts or the viability of the remaining theory that he would be allowing me to amend the complaint to conform to those proofs. Certainly not having the record doesn't tell us that the Padromo insistence on the incompatibility of the two should be maintained since Padromo also acknowledges that if it turns out that the contract is unenforceable for statute of rights purposes, then the unjust enrichment theory could fly and for that we would need the record. And I would also... Because it emerges out of the mist. Just as from the trial record, this could have been a Perry Mason case where there were devastating admissions right at the close of the plaintiff's case in chief, which you don't even have to reference. Right. I would also note that in the reply brief, there's also seemingly an admission here that permission to include an unjust enrichment theory may be permitted by the trial court under circumstances where fraud might be a factor. Now we're back to Perry Mason and dramatic disclosures. That's right. Exactly right. So in short... I'm also aware of the fact that often when competent counsel chooses not to submit a bystander's report, it's not an oversight. I'm not saying... It's very likely that the chances of winning here would... are gauged to be better without the bystander's report than with it. But that's... Thank you, counsel. Thank you. Counsel, you get the final word. Briefly. Well, one thing that I want to respond. Justice Gordon, you indicated that basically you put the... basically you said in response to Mr. Gretchik's argument that because a cause of action for adjustment exists, that justifies amending... justifies amending the... Well, you're raising your Mendelson case, and I have an answer to that. In the Mendelson case, the court affirmed the trial judge. If the trial judge went the other way, does that mean the court would reverse? No. It simply means that the appellate court correctly recognized that this is within the latitude of the trial judge's discretion and probably would not second-guess whatever determination the trial judge... Yes, but that's exactly a... That's exactly... In this case, the trial judge chose to allow it. Yes, but I'm asking this court to look at this, and despite the fact that there is no transcript or even a standby report, bystanders reports, look at the pleadings as they were when the case went forward to trial. Because basically we have four amendments that were already made. This is basically to have an amendment... There are too many other variables that could have taken shape after the pleading stage when there was a trial. So asking us to disregard that eventuality just by looking at the transcript is not going to be something that could be done by us You can't do that here. That's why I'm not... So you can't ask us to freeze our perspective to the pleadings. Any more questions? Better sit down. Better let Officer go ahead. Counsel, thank you very much. Thank you. Thank you both. The case will be taken under advisement.